RENDERED:  AUGUST 6, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1287-MR

CHARLES ROBERT RUSSELBURG                                          APPELLANT


v.                    APPEAL FROM DAVIESS CIRCUIT COURT
                      HONORABLE JULIA H. GORDON, JUDGE
                      ACTION NO. 15-CI-00089


LISA DAWN RUSSELBURG (NOW
BABB)                                                             APPELLEE


OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE:  COMBS, KRAMER, AND L. THOMPSON, JUDGES.

COMBS, JUDGE:  Charles Robert Russelburg appeals from an order of the

Daviess Family Court entered on September 24, 2020.  The family court denied

Charles's motion to recover attorney's fees from his former spouse, Lisa Dawn

Russelburg (now Babb), pursuant to the terms of the parties' property settlement

agreement.  Having considered the record and the arguments on appeal, we reverse

and remand.

As part of the dissolution of their marriage, the Russelburgs executed

a property settlement agreement.  Signed by the parties on December 8, 2015, the

agreement contained the following provisions:

5.2 **Retirement and Pension Accounts**

5.2.1 Charles has a vested interest in a military pension
or retirement. The Parties agree that such retirement is
Charles' non-marital property, all such interest having
been earned prior to the marriage of the Parties.  The
Parties further agree that Charles does not have any other
type of retirement.

5.2.2 Lisa and Charles agree that *any* life insurance,
retirement, pension, deferred compensation, and/or 401K
savings accounts or annuity program in Lisa's name *are
marital property.*  Lisa has disclosed the existence of two
such accounts, a Kentucky state pension and a Kentucky
deferred compensation account as a consequence of her
employment during the marriage, and *all* of which are
*marital property* ("Retirement Accounts").  Lisa's
Retirement Accounts shall be divided equally between
the parties, 50/50, based upon the values of the
Retirement Accounts as of the date of entry of a Decree
of Dissolution of marriage.  Thereafter, neither Party
shall continue to be a beneficiary under an insurance
policy payable on the death of the other, regardless of the
beneficiary designation made in the policy, unless such
designation is made after the Decree of Dissolution.

5.2.3. Charles' counsel shall prepare the Qualified
Domestic Relations Order ("QDRO") required to divide
the Retirement Accounts and to establish a separate
(divided) account in Charles' name only, for his interest

and division as described in the preceding paragraph. The QDRO shall be reviewed by counsel for the Parties before being submitted for review to the administrators of the Retirement Accounts for acceptance, before being submitted to the Court for entry.

(Emphasis added.)

The property settlement agreement was filed of record on December 14, 2015. The family court specifically found that the agreement was not unconscionable, and it was incorporated into the decree of dissolution entered that date.

On November 2, 2016, Charles filed a motion to enforce the settlement agreement. He contended that Lisa was resisting efforts to divide her retirement accounts in accordance with the provisions of the agreement. Following a hearing conducted on January 17, 2017, the family court ordered that the retirement accounts be divided equally based on the values as of the date of the decree of dissolution. The family court rejected Lisa's argument that section 5.2.2 of the property settlement agreement divided only a portion and not the entirety of her retirement accounts. It found that the agreement was not ambiguous or unconscionable and that Lisa had had an adequate opportunity to review the agreement before she executed it. Lisa did not appeal from that order.

On February 20, 2017, Lisa filed a motion for relief from the court's

decree pursuant to the provisions of CR[1] 60.02(a), alleging mistake, inadvertence, surprise, or excusable neglect and of CR 60.02(b), alleging that there was newly discovered evidence that could not have been earlier discovered. She also requested relief under the provisions of CR 60.01, claiming that the purported division of the "nonmarital" portion of her retirement benefits had been an "oversight" by the parties and counsel.

On September 6, 2017, the family court denied the motion because it had not been filed within one year of the entry of the decree of dissolution as required by the provisions of CR 60.02(a) and (b). It concluded that the provisions of CR 60.01 afford relief only where an error is made by the clerk or other judicial or ministerial officer. Lisa filed an appeal with this Court.

While her appeal was pending, Lisa filed a motion pursuant to the provisions of CR 60.02(f), the catch-all provision of CR 60.02, which provides that the trial court may grant relief from a judgment for "any other reason of an extraordinary nature[.]" A motion pursuant to that provision must be brought within a reasonable time. Through our order entered April 2, 2018, we granted Lisa's motion to hold the appeal in abeyance. On May 14, 2018, the family court denied Lisa's motion for relief pursuant to the provisions of CR 60.02(f). The matter returned to our active docket.

---

[1] Kentucky Rules of Civil Procedure.

Following our review, we affirmed the orders of the family court. We agreed that Lisa could not be granted relief under the provisions of CR 60.02(a) or (b) because her motion had been filed out of time. We agreed that she could not be afforded relief under the provisions of CR 60.01 because that rule is limited to clerical errors.

Finally, we agreed that relief under the provisions of CR 60.02(f) was unavailable because no "extraordinary" circumstances existed to warrant it. In our analysis, we observed that the property settlement agreement expressly characterized the entirety of the retirement accounts in Lisa's name as "marital property." Because the paragraph immediately preceding Section 5.2.2 of the agreement had characterized Charles's military retirement account as nonmarital, we were persuaded that the parties' use of the term "marital property" in Section 5.2.2 was clear and unambiguous. We concluded that the provision expressly provided that the full value of the retirement accounts in Lisa's name were to be divided equally between the parties. Our opinion affirming the family court's orders was rendered on March 6, 2020. On May 21, 2020, a QDRO was tendered to the court. The QDRO provided that $21,645.76 was to be paid to Charles from Lisa's pension plan.

On June 4, 2020, Charles filed a motion to recover from Lisa the attorney's fees that he had incurred in his effort to enforce the provisions of the

property settlement agreement and to defend the subsequent appeal. To the motion, he attached counsel's invoices. Charles sought to be reimbursed in the amount of $8,481.41 pursuant to the terms of the property settlement agreement, which had been incorporated into the court's decree. The agreement provided as follows:

20 **MISCELLANEOUS PROVISIONS:**

* * * * *

20.9 **Breach and Attorney Fees.** In the event of a breach of this Agreement, the Party committing the breach shall be obligated to pay the reasonable and necessary costs, including reasonable attorney's fees, incurred by the non-breaching party to enforce or protect his or her rights hereunder. The amount of such reasonable costs and the legal fees shall be determined by the Court having jurisdiction over the matter.

Following a hearing conducted on July 27, 2020, the family court denied Charles's motion. The family court concluded that Lisa had not breached the terms of the parties' property settlement agreement and that as a result, Charles was not entitled to attorney's fees pursuant to the agreement. This appeal followed.

On appeal, Charles argues that the family court erred as a matter of law by failing to order Lisa to pay the attorney's fees that he incurred in order to enforce his rights under the terms of the parties' agreement. Charles contends that

he is entitled -- by contract -- to recover the fees and that it is not a matter of discretion for the family court. We agree.

A marital property settlement agreement is interpreted according to the same principles that govern the construction of other contracts. *Wagner v. Wagner*, 563 S.W.3d 99 (Ky. App. 2018). The parties' settlement agreement expressly provides that either party is entitled to recover the attorney's fees and costs incurred in an effort to enforce or protect his rights under the agreement. After a settlement agreement has been incorporated into a decree of dissolution of marriage, it "may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." KRS[2] 403.250(1). As we concluded in Lisa's 2017 appeal of this matter, "the property settlement agreement unambiguously states that any pension plans in Lisa's name are marital property to be divided between the parties."

Lisa plainly failed and refused to divide equally the amount of her retirement benefits with Charles. She was aware of the obligation to do so. Her deposition testimony confirms that she was also aware that she would be held responsible for attorney's fees incurred by Charles both to enforce and to protect his rights under the terms of the agreement.

In light of the provisions of the parties' contractual agreement, we must

---

[2] Kentucky Revised Statutes.

reverse the family court's denial of the motion for attorney's fees. We remand this case to the family court for entry of an appropriate order after it calculates reasonable attorney's fees and necessary costs incurred by Charles in his effort to enforce and protect his rights to his share of the retirement benefits and the payment of his fees.

The order of the Daviess Family Court is REVERSED and REMANDED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Frank A. Brancato
Owensboro, Kentucky

BRIEF FOR APPELLEE:

David M. Taylor
Owensboro, Kentucky